# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-2563

_____

Sandra Denise Byrd

*Plaintiff - Appellant*

v.

Andrew Saul, Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville

_____

Submitted: March 25, 2021
Filed: April 14, 2021
[Unpublished]

_____

Before SHEPHERD, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Sandra Byrd appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. We agree with the court that

---

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

substantial evidence in the record as a whole supports the adverse decision. See Twyford v. Comm'r, Soc. Sec. Admin., 929 F.3d 512, 516 (8th Cir. 2019) (de novo review of district court's judgment; this court will affirm unless Commissioner's findings are unsupported by substantial evidence or result from legal error).

Specifically, we conclude the record supports the administrative law judge's (ALJ's) finding that Byrd's impairments did not meet the mental disorder listings, see id. at 517 (ALJ's finding that listing was not met was supported by treatment notes and claimant's daily activities); and the ALJ's determination of Byrd's residual functional capacity, see Mabry v. Colvin, 815 F.3d 386, 391-92 (8th Cir. 2016) (ALJ's RFC determination was supported by medical records, state agency physicians' and examiner's opinions, and claimant's improvement with medication). The ALJ did not err in considering the examining psychologist's opinion, see id. at 391 (noting that ALJ need not accept entirety of examiner's opinion, but must weigh all evidence); properly evaluated Byrd's subjective complaints, see Julin v. Colvin, 826 F.3d 1082, 1087 (8th Cir. 2016) (claimant's daily activities and improvement with medication were properly considered in finding her allegations not fully credible); and did not commit reversible error in failing to specifically discuss the statements from Byrd's parents, see Buckner v. Astrue, 646 F.3d 549, 560 (8th Cir. 2011) (no reversible error in failing to address claimant's girlfriend's statement, as ALJ sufficiently assessed claimant's credibility and same evidence that discredited his allegations also discredited hers). Finally, we find that the Appeals Council did not err in declining to consider the opinion of Byrd's treating psychiatric nurse. See Perks v. Astrue, 687 F.3d 1086, 1094 (8th Cir. 2012) (treating physician's opinion submitted to Appeals Council that did not cite supporting clinical data did not lead to conclusion that ALJ would have reached different result).

The judgment is affirmed.

_____